**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SE HYON PAK | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-282 |
| | : | |
| ALBERTO GONZALES, Attorney | : | |
| General of the United States; MICHAEL | : | |
| CHERTOFF, Secretary of the Department | : | |
| of Homeland Security; EMILIO T. | : | |
| GONZALES, Director, United States | : | |
| Citizenship and Immigration Services; | : | |
| ANDREA QUARANTILLO, District | : | |
| Director, United States Citizenship and | : | |
| Immigration Services, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Alberto Gonzales, Michael Chertoff, Emilio T. Gonzales, and Andrea Quarantillo ("Defendants") to dismiss the Complaint of Se Hyon Pak ("Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, Defendants ask the Court to remand the matter back to the Department of Homeland Security's Bureau of Citizenship and Immigration Services ("U.S.C.I.S"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties, and based upon the following, the Court **denies** Defendants' motion to dismiss and **grants** Defendants' motion to remand.

I.    Factual and procedural Background

Plaintiff, a citizen of South Korea and a lawful permanent resident of the United States,

filed a N-400 Application for Citizenship on January 26, 2004, with the U.S.C.I.S.  (Pet. ¶ IV).

Shortly after, as part of the required background check, U.S.C.I.S. initiated the Federal Bureau of

Investigation ("F.B.I.") background check.  (Def.'s Br. Summ. J. 4).  On July 5, 2004, Plaintiff

was interviewed by a U.S.C.I.S. officer who determined Plaintiff had passed the tests for English

language as well as American history and government. (Id.).

During the examination, the officer advised Plaintiff that U.S.C.I.S. was awaiting the

name checks and/or background check from the F.B.I. and other law enforcement agencies. (Id.;

Pet. ¶ VIII). On February 4, 2005, July 6, 2005, and August 29, 2005, Plaintiff requested the

status of his case with the U.S.C.I.S.  (Pet. ¶¶ X-XII).  Each time he was informed that the

U.S.C.I.S. was still awaiting on the F.B.I.'s completion of his background check. (Id.).

On October 12, 2006, Plaintiff, through counsel, contacted Congressman Steve Rothman

to request his assistance. (Id. at ¶ XIIII [sic]).  Congressman Rothman's office contacted counsel

on November 6, 2006, advising that the background check was still pending.  (Id.).

After waiting for a decision from the U.S.C.I.S. for over three years, Plaintiff filed this

Petition for Hearing on Naturalization on Application under 8 U.S.C. § 1447(b) on January 18,

2007. (Id.).  Plaintiff requests that this Court either adjudicate his naturalization application or, in

the alternative, remand to the U.S.C.I.S. for immediate adjudication. (Id.).

On June 13, 2007, Defendants filed a motion to dismiss Plaintiff's petition pursuant to

Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Alternatively,

Defendants seek to remand this matter to the U.S.C.I.S. pursuant to 8 U.S.C. ¶ 1447(b).

## II.   BACKGROUND TO THE NATURALIZATION PROCESS

In 1997, Congress passed legislation which required the completion of a criminal

background investigation of all applicants before naturalization could be conferred:

> During fiscal year 1998 and each fiscal year thereafter, none of the
> funds appropriated or otherwise made available to the Immigration
> and Naturalization Service shall be used to complete adjudication
> of an application for naturalization unless the Immigration and
> Naturalization service has received confirmation from the Federal
> Bureau of Investigation that a full criminal background check has
> been completed, except for those exempted by regulation as of
> January 1, 1997.

Dep'ts of Comm, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of

1998, Pub. L. No. 105-119, 111 Stat. 2448.  In response, U.S.C.I.S. adopted regulation 8 C.F.R.§

335.2(b) which in pertinent part states:

> The Service will notify applicants for naturalization to appear
> before a Service officer for initial examination on the
> naturalization application only after the Service has received a
> definitive response from the Federal Bureau of Investigation that a
> full criminal background check of an applicant has been
> completed.

Thus, the U.S.C.I.S., by its own regulations, is not to begin its examination process until

it has received confirmation from the F.B.I. (1) that the applicant does not have an administrative

or criminal record, (2) that the applicant has an administrative or a criminal record, or (3) that

two properly prepared fingerprint cards have been determined unclassifiable for the purpose of

conducting a criminal background check and have been rejected.  8 C.F.R. § 335.2(b)(1)-(3).

## III.   STANDARD FOR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a civil

action for lack of subject matter jurisdiction.  Under Rule 12(h)(3), the court is required to

dismiss the action whenever it appears that the court lacks subject matter jurisdiction. On a

12(b)(1) motion, the plaintiff bears the burden to prove that jurisdiction exists and "no

presumptive truthfulness attaches to the plaintiff's allegations." Mortensen v. First Fed. Sav. &

Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). The Court "is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case." Int'l Ass'n of Machinists &

Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982).

**IV.    ANALYSIS**

This Court recognizes the significant duty and risks encountered by the U.S.C.I.S. when

adjudicating naturalization applications. This Court also respects and acknowledges the

importance and necessity of judicial deference with respect to the Executive Branch when

matters of international relations and aspects of immigration are involved. See INS v. Aguirre-

Aguirre, 526 U.S. 415, 425 (1999) (stating that judicial review of immigration matters is

narrowly circumscribed) (quoting INS v. Abudu, 485 U.S. 94 (1988)).

The Supreme Court of the United States has held that an agency must be permitted to

fashion its own procedures in order to optimize its resources and to most effectively discharge its

multitude of administrative responsibilities. See Vermont Yankee Nuclear Power Corp. v.

NRDC, 435 U.S. 519, 543 (1978). U.S.C.I.S.'s regulations require the completion of the F.B.I.'s

criminal background check before proceeding with examinations of naturalization applications.

8 C.F.R. § 335.2(b). Additionally, § 335.3(a) states that "a decision to grant or deny the

application shall be made at the time of the initial examination or within 120-days after the date

of the initial examination." 8 C.F.R. § 335.3(a).

The issue before this Court is the interpretation of the term "examination" in 8 U.S.C. §

1447(b).  Pursuant to Section 1447(b):

> If there is a failure to make a determination...before the end of the 120-day period after the date on which the examination is conducted...the applicant may apply to the United States district court in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions.

8 U.S.C. § 1447(b).

Plaintiff argues that this Court has subject matter jurisdiction because the term "examination," as used in Section 1447(b), refers to the U.S.C.I.S.'s initial interview.  Since it has been more than 120 days since his July 5, 2004 interview, Plaintiff argues that jurisdiction is proper.  Defendants argue the term "examination," as it is used in Section 1447(b), includes more than the preliminary interview of the applicant by the examiner.  Rather, Defendants argue the word "examination" is not meant to imply a single event to but to encompass the entire investigation process.  Thus, the central issue presented before is whether the statutorily-required "examination" has been completed so as to trigger the start of the 120 day period in which U.S.C.I.S. is supposed to adjudicate Plaintiff's application.

Defendants rely primarily on Danilov v. Aguirre, 370 F. Supp. 2d   441, (E.D. Va. 2005) to support their broad definition of the word "examination."  In Danilov, the Eastern District of Virgina held that 8 U.S.C. § 1446 "makes clear that an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant." Id. at 443.  The court found that the "interview is merely a part of the overall examination process, as is a review of plaintiff's F.B.I. background investigation" and that "the 120 day period does not begin to run until these and all other aspects of the examination process

are completed." Id. at 444.

However, the Danilov holding is in conflict with the majority of cases on this issue.  Most district courts have held that the word "examination" in Section 1447(b) refers to the date of the examination interview, and not the entire examination process.  See Kheridden v. Chertoff, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, *13 (D.N.J. Feb. 27, 2007) (holding that "it is clear from the plain language of these regulations that the term 'examination' in 8 U.S.C. § 1447(b) means the initial interview of the applicant by U.S.C.I.S."); Daami v. Gonzales, No. 05-3667, 2006 U.S. Dist. LEXIS 13571, *14 (D.N.J. May 22, 2006) (agreeing with "the majority position" which holds that the word "examination" in Section 1447(b) refers to the date of the examination interview); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681 (D. Pa. 2005) (rejecting Danilov and finding that the 120 day deadline begins on the date of the examination interview); Al-Ashwan v. Chertoff, No.4:06 cv 0103, 2007 U.S. Dist. LEXIS 8677 (E.D. Mo. Feb. 7, 2007); Khelifa v. Chertoff, 433 F. Supp. 2d 836 (E.D. Mich 2006).

Defendants argue for the adoption of the definition of "examination" presented in Danilov by asserting that the overall spirit and purpose of the law, the overall statutory scheme, and the doctrine of unreasonable results, should lead the Court to interpret "examination" to mean an ongoing process.

However, in Daami, the Hon. Katherine S. Hayden held that "examination" refers to the initial interview and, thus, triggers the 120 day adjudication period.  Daami, 2006 LEXIS 37539, at *14. First, the court in Daami found that the language of Section 1447(b) which states that the 120 day period begins to run on "the date on which examination is conducted" indicates that the examination is a distinct, single event, and not an on-going process. Id. at *15 (quoting 8 U.S.C.

§ 1447(b)).  Second, the court found that since "Sections 1446(b),(c), and (d) discuss the

examination separately from the investigation discussed in Section 1446...that the plain meaning

of the separation" is that the investigation is distinct from the examination.  Id. at *16.  Third, the

court looked at the implementing regulations which differentiate between the "examination" and

the F.B.I.'s criminal background checks.  Id. at *17.  Finally, the court mentions the language in

8 C.F.R. § 335.3(a) which states that the "decision to grant or deny the applicant should be made

at the time of the *initial* examination or within 120-days after the date of the *initial* examination."

Id. at *18 (quoting 8 C.F.R. § 335.3(a) (emphasis added)).

　　　This Court agrees with the analysis used in Daami and those cases which have ruled

similarly.  See Kheridden, 2007 LEXIS 13571, at *9-13.  "The plain meaning of legislation

should be conclusive, except in rare cases in which the literal application of a statute will

produce a result demonstrably at odds with the intentions of its drafters."  Nat'l Union Fire Ins.

Co. of Pittsburgh, Pa. v. City Sav., F.S.B., 28 F.3d 376, 384 (3rd Cir. 1994).  Defendants attempt

to argue that the literal application of the statute will create a result contrary to its intended

purpose.  Defendants further contend that no Court has yet considered the statutory purpose and

spirit behind the text of Section 1447.

　　　This Court finds Defendants' argument unpersuasive.  The Daami court specifically

analyzed the statutory scheme of Section 1447 and still found "examination" to refer to the initial

interview of an applicant by a U.S.C.I.S. officer.  Daami, 2006 LEXIS 37539, at *14-18

(considering Congress' intent behind its 1997 legislation).

　　　Defendants have not presented any evidence from the legislative history which suggests

that the narrower interpretation of "initial examination" differs from the intent of the drafters.

More than 120 days have passed without U.S.C.I.S. having made a determination on Plaintiff's application.  Accordingly, this Court has jurisdiction pursuant to Section 1447(b).  Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

As Defendants explain and this Court understands, the background check process is intensive and is a process which should not be rushed.  "Unfortunately, delays of this nature are inevitable and becoming more frequent in light of heightened security concerns in the post-911 world." El-Daour, 417 F. Supp. 2d at 683 (quoting Alkenani v. Barrows, 356 F. Supp.2d 652, 657 (N.D. Tx. 2005)).

As Section 1447(b) states, the district court can either adjudicate or remand the matter to U.S.C.I.S. when an application has been pending for over 120 days from the applicant's initial interview. 8 U.S.C. § 1447(b).  Adjudication of an applicant without completion of the criminal background check would contravene the intent of Congress. See Kheridden, 2007 LEXIS 13571, at *15; Essa v. United States Citizenship & Immigration Servs., No. 05-1449 (DSD/JJG), 2005 U.S. Dist. LEXIS 38803 (D. Minn. Dec. 14, 2005).  Further, this court is "not equipped, nor qualified for that matter, to conduct a criminal background investigation." El-Daour, 417 F. Supp. 2d at 680.

Therefore, this Court remands to U.S.C.I.S. pursuant to 8 U.S.C. § 1447(b) with instructions that it promptly adjudicate plaintiff's application upon receipt of the completed background check from the F.B.I.

**V.    Conclusion**

Based on the foregoing, Defendants' motion to dismiss for lack of subject matter

jurisdiction is denied.  Defendants' request to remand to U.S.C.I.S. is granted.  An appropriate

order will be entered.

        S/ Dennis M. Cavanaugh       
       Dennis M. Cavanaugh, U.S.D.J.

Date:   August 6, 2007
Orig.:  Clerk
cc:     Counsel of Record
       The Honorable Mark Falk, U.S.M.J.